FILED
2019 May-03 AM 09:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MANUEL CONTRERAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF HANCEVILLE ) <br> ALABAMA, ) <br> ) <br> Defendant. ) | Case No.: 5:18-cv-01748-LCB |

## MEMORANDUM OPINION

This is an employment discrimination case filed pursuant to Title VII and 42 U.S.C. § 1981. (Doc. 17). This cause is before the Court on Defendant's Partial Motion to Dismiss or, in the alternative, Motion to Strike (Doc. 19), and Motion for More Definite Statement (Doc. 20) pursuant to Rules 12(b)(6), 12(e), and 12(f) of the Federal Rules of Civil Procedure. Plaintiff filed responses to defendant's motions on March 6, 2019. (Docs. 28 & 29). Defendant replied on March 15, 2019. (Docs. 30 & 31). The motions are now ripe for review. Upon review and for the reasons stated herein, the court concludes that Defendant's Motion to Dismiss or, in the alternative, Motion to Strike (Doc. 19) is hereby granted as to the motion to strike and Defendant's Motion for More Definite Statement (Doc. 20) is granted.

# I.  STANDARDS OF REVIEW

## A.  **Rule 12(b)(6)** — *Dismissal for Failure To State A Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  Essentially, a Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the "liberal pleading standards set forth by Rule 8(a)(2)." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When evaluating a Rule 12(b)(6) motion to dismiss, a district court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Brophy v. Jiangbo Pharms. Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015).

## B. Rule 12(e) — *More Definite Statement*

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "[A] party may not use a Rule 12(e) motion to circumvent the short and plain statement requirement or to obtain information that can otherwise be obtained in discovery." *Harris v. Fisher-Price Inc.*, 2013 WL 9861461, at *1 (N.D. Ala. Oct. 24, 2013). See also *MAO-MSO Recovery II LLC v. Infinity Prop. & Cas. Grp.*, No. 2:17-CV-00513-KOB, 2018 WL 1244498, at *5 (N.D. Ala. Mar. 9, 2018). This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

## C. Rule 12(f) — *Motion to Strike*

A motion to strike is appropriate under 12(f) of the Federal Rules of Civil Procedure for "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* However motions to strike factual allegations are

disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Poague v. Huntsville Wholesale Furniture*, No. 7:18-CV-00005-LSC, 2019 WL 718716 *6 (N.D. Ala. Feb. 20, 2019) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty.*, Fla., 306 F.2d 862, 868 (5th Cir. 1962).

**D**.   **Shotgun Pleading**

Our Circuit addressed the evolution and types of shotgun pleadings in *Weiland v. Palm Beach Cty Sherriff's Office*, 792 F.3d 1313 (11th Cir. 2015) stating:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Id.* at 1321–23.   An assertion that a complaint is a shotgun pleading is based upon

violations of Rule 8(a)(2), as mentioned above, and/or Rule 10(b) which provides:

> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Rule 10(b), Fed. R. Civ. P.

## II. RELEVANT FACTS

Plaintiff's complaint alleges that he is a police officer who was hired by the defendant on January 1, 2009. (Doc. 17). Initially he was hired part-time and on April 26, 2011, he was given full-time employment. *Id.* On April 24, 2017, he was disciplined for two incidents: 1. Failing to run his body camera during a traffic stop on April 4, 2017, and 2. For an alleged sexual assault that plaintiff claims was later determined a false claim. *Id.* As a result, he was suspended for thirty (30) days. In May of 2017, he returned to work and met with the Mayor where he informed the Mayor that he believed that he was being discriminated against based upon his Hispanic Heritage. *Id.* Thereafter the defendant stopped scheduling plaintiff for shifts and he was officially terminated on January 2, 2018. *Id.* Plaintiff filed his initial complaint with the EEOC on January 11, 2018; received his right to sue on July 23, 2018; and filed his complaint with this Court on October 23, 2018. (Doc. 1). The case was initially assigned to Magistrate Judge Johnson, the parties failed to consent to the magistrate judge and the case

5

was then reassigned to this Court on December 26, 2018.[1]

### III. ISSUES PRESENTED

Defendant in its Partial Motion to Dismiss or, in the alternative, Motion to Strike (Doc. 19), argues that plaintiff's complaint should be dismissed or in the alternative, stricken due to inappropriate claims for liquidated damages, special damages and equitable relief requested pursuant to 29 U.S.C. § 626. Defendant's motion is grounded upon the fact that "[l]iquidated and special damages are not recoverable in connection with any of plaintiff's claims, and section 626 is not applicable to plaintiff's claims." (Doc. 19). Plaintiff does not dispute that the damages are inappropriate, but argues that a motion to dismiss under Rule 12(b)(6) is an improper remedy. Further, plaintiff argues that the court can "instruct a jury on the law and that jury would determine damages Plaintiff argues Defendant's motion is without merit and should be denied." (Doc. 29). In the alternative, plaintiff requests that he be allowed to replead his complaint. (Doc. 29).

In its motion for more definite statement defendant argues that plaintiff's complaint is unclear whether plaintiff is asserting specific claims regarding the discipline that plaintiff received in April of 2017, and whether plaintiff is asserting a claim of constructive discharge. (Doc. 20). Plaintiff argues in response that his

---

[1] Plaintiff originally filed his complaint against "The City of Hanceville Police Department." Defendant filed a motion to dismiss on the grounds that the police department is not a separate entity and improper entity for suit. (Doc. 7). On its own volition plaintiff filed an amend complaint naming "The City of Hanceville Alabama," as the proper named defendant. (Doc. 19).

complaint does not meet the standard in that it is not vague and ambiguous and that defendant is simply seeking to conduct discovery by and thru its pre-trial motions. (Doc. 28).

## IV. DISCUSSION

First, regarding Defendant's Motion to Dismiss, the parties have essentially agreed that the plaintiff does not have a right to liquidated damages, special damages and equitable relief requested pursuant to 29 U.S.C. § 626. 29 U.S.C. § 626, applies to claims pursuant to the Age Discrimination in Employment Act (ADEA) and plaintiff has not alleged any claims pursuant to this act. The Court is not persuaded that a dismissal under Rule 12(b)(6) is the appropriate remedy; therefore defendant's motion to dismiss pursuant to Rule 12(b)(6) is denied. Defendant's alternative request for a motion to strike is granted with regard to the inappropriate damage claims as identified herein.

Second, regardless of defendant's claims regarding a more definite statement, the complaint as amended is a shotgun pleading. It is a shotgun pleading for two reasons. First, each of Plaintiff's counts adopts all of the allegations from the previous counts. (Doc. 17). *Weiland*, 792 F.3d at 1321. Second, each of Plaintiff's four counts (1. Title VII - Race discrimination-termination; 2. Race discrimination - 42 U.S.C. § 1981; 3. Title VII – Retaliation; and 4. 42 U.S.C. § 1981 - Retaliation) (Doc. 17) essentially

7

assert the same facts without specifying which specific discriminatory acts are assigned to each event. (*See generally* Doc. 17). *Weiland*, 792 F.3d at 1323. Plaintiff's Complaint does not specify what specific wrongful act occurred for each time frame and/or event alleged; the claims fail to provide Defendants adequate notice of the grounds for each claim for relief. *Weiland*, 792 F.3d at 1323. Plaintiff's complaint must state what acts by the defendant he is claiming are discriminatory and retaliatory and whether he is claiming constructive termination or termination or both. Consequently, defendant's motion for more definite statement is granted as to the pleading issues as identified herein.

In sum, since the parties are in agreement as to the inappropriate damage claims and the shotgun nature of the complaint, the only appropriate remedy at this point is to allow the plaintiff to replead if he wishes to proceed with this case. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

## IV. CONCLUSION

For the reasons explained above, Defendant's Partial Motion to Dismiss or, in the alternative, Motion to Strike (Doc. 19) is due to be GRANTED, in part, and the request for the liquidated damages, special damages and equitable relief pursuant to 29 U.S.C. § 626 is to be stricken. Defendant's Motion for More Definite Statement (Doc. 20) is due to be GRANTED, in part, as to the shotgun nature of plaintiff's complaint. Plaintiff will be required to replead the complaint

8

in conformance with the instructions set forth in this Memorandum Opinion. In turn, the Defendant will have three (3) days from the date of the filing of plaintiff's amended complaint to file its responsive pleading. A separate order will be entered simultaneously with this memorandum opinion.

**DONE** and **ORDERED** this May 3, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE